09-3664-ag
Jin v. Holder

BIA
A098 432 336

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand ten.

PRESENT:
         DENNIS JACOBS,
               *Chief Judge,*
         JON O. NEWMAN,
         DENNY CHIN,
               *Circuit Judges.*

_____

HUA JIN,
         *Petitioner,*

         v.                                      09-3664-ag
                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:        Hua Jin, *pro se*, Monterey Park, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Theo Nickerson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hua Jin, a native and citizen of China, seeks review of an August 11, 2009 order of the BIA denying her motion to reopen. *In re Hua Jin*, No. A098 432 336 (B.I.A. Aug. 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). The alien must demonstrate that the evidence offered in support of the motion was not available and could not have been discovered or presented at the former hearing. *Id.*

Here, the BIA reasonably denied Jin's motion to reopen because she failed to demonstrate that the evidence of her former counsel's alleged ineffective assistance was unavailable or could not have been presented at her previous hearing. *Id.* Rather, that evidence was available at her

-2-

removal proceedings, during which Jin admitted that she lied under oath at her bond proceeding upon the advice of her prior counsel and documents from the bond hearing were admitted into the record. Accordingly, as the BIA reasonably noted, Jin could have pursued an ineffective assistance of counsel claim either before the IJ in a motion to reopen or before the BIA. Thus, the BIA did not err in denying her motion because she failed to provide new, previously unavailable evidence. To the extent Jin now asserts an ineffective assistance of counsel claim against her second attorney, she failed to raise that claim with the agency. Thus, the claim is unexhausted and we lack jurisdiction to review it. *Ling Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-3-